**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BOBBY GIRIFALCO**, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff,* | **CLASS ACTION** |
| *v.* | **JURY TRIAL DEMANDED** |
| **REBUILT BROKERAGE LLC,** | |
| *Defendant.* | |

**CLASS ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff Bobby Girifalco ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Rebuilt Brokerage, LLC ("Defendant") and alleges as follows:

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

1

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, she can add her number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect her own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.    The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Defendant violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent as well as calling people who had previously asked to no longer receive calls.

**PARTIES**

4.    Plaintiff Bobby Girifalco is an individual residing in the Eastern District of Pennsylvania.

5.    Defendant Rebuilt Brokerage, LLC is a limited liability company headquartered in Nashville, Davidson County, Tennessee.

**JURISDICTION AND VENUE**

6.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7.    This Court has specific personal jurisdiction over Defendant because it has purposefully availed itself in conducting business in Pennsylvania and calling an individual with a 215- area code number.

8.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the acts giving rise to the complaint, namely, the illegal telemarketing conduct, took place in this District because the calls and text message calls were sent into this District to a 215- area code number.

**BACKGROUND**

9.    The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

10.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11.    A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47

U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

<u>The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.</u>

13.    The TCPA requires any "person or entity that engages in telemarketing" to

"transmit caller identification information." 47 C.F.R. § 64.1601(e).

14.    The relevant regulation defines "caller identification information" as "either CPN

or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47

C.F.R. § 64.1601(e)(1).

15.    A violation of this subsection of the TCPA is enforceable under the private right

of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v.

Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at \*3 (E.D. Mich. Mar. 25,

2025); *Newell v. JR Cap., LLC*, 791 F. Supp. 3d 571, 575 (E.D. Pa. 2025).

## **FACTUAL ALLEGATIONS**

16.    Plaintiff Bobby Girifalco is, and at all times mentioned herein was, a "person" as

defined by 47 U.S.C. § 153(39).

17.    At no point did Plaintiff consent to receiving telemarketing calls from Defendant

prior to receiving the communications at issue.

18.    Plaintiff Girifalco's telephone number, (215) XXX-XXXX, is a residential, non-

commercial cellular telephone number.

19.    Plaintiff uses the telephone number for personal, residential, and household

reasons only.

4

20.     The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

21.     Moreover, the telephone line is assigned to a cellular service which is presumptively residential and was eligible for registration on the National Do Not Call Registry at the time it was registered.

22.     That number is and has been on the Do Not Call Registry since over a year prior to the calls at issue.

23.     Plaintiff has never been a customer of Defendant and has never requested information regarding Defendant's products or services.

24.     Despite that fact, Plaintiff received multiple telemarketing calls to Plaintiff's telephone number.

25.     Starting on or about March 4, 2026, and continuing to present, Plaintiff has received at least ten calls from Defendant from caller ID (615) 434-5031.

26.     During all of the calls, Defendant left the identical prerecorded voicemail, playing the exact same prerecorded voice, that transmitted the exact same message each time.

27.     The prerecorded voicemails stated the following:

> Hello, this is Mike with Rebuilt. I was reaching out to you since you spoke with somebody here in the past about potentially selling a property that you own. The market's constantly changing, so we'll talk to you more about that property, see if you're still interested in selling it. Please give me a call back here, 615-434-5031. Again, this is Mike with Rebuilt. Look forward to talking to you soon.

28.    The voice was prerecorded because the sound and tone of the voice was very unnatural, had unnatural pauses and cadence, and was clearly the exact same message repeated multiple times.

29.    Moreover, the voicemails were obviously prerecorded because the identical voicemail was left after each of the ten calls.

30.    The calls all came from the following number. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendant's calling carrier, and (2) whether such CNAM information contained the name of the telemarketer. The results that dip is as follows:

| Number | CNAM Available? | CNAM Result | Carrier |
|---|---|---|---|
| 6154345031 | Y | ASHLAND CITY TN | Bandwidth |

31.    As the aforementioned chart shows, the CNAM transmitted by the ultimate telephone carrier provided CNAM functionality, but provided inaccurate CNAM functionality, which transmitted a geographic location instead of the caller's name.

32.    Bandwidth, provides their customers, including downstream customers, the ability to set the CNAM result accurately to reflect their own name as desired, but if the customer does not elect such a CNAM, their default CNAM customer setting is to transmit something other than the caller's name, as occurred here.

33.    The calls were sent for the purpose of encouraging the purchase of Defendant's real estate services.

6

34. The calls used a prerecorded or artificial voice to initiate contact and induce engagement with live agents who would then sell the Plaintiff various real estate brokerage and investment services.

35. The calls and text messages were unwanted and nonconsensual encounters.

36. Plaintiff never provided prior express consent, written or otherwise, to receive prerecorded calls, or any form of telemarketing calls from Defendant.

37. Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls.

38. Plaintiff was harmed by Defendant's conduct because the calls were annoying, harassing, and a nuisance, and they occupied Plaintiff's telephone line, storage space, and bandwidth, rendering his phone unavailable for legitimate communications, including while spending time with significant others, and performing other tasks.

## CLASS ACTION ALLEGATIONS

39. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

40. Plaintiff brings this action on behalf of themselves and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

> **Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) which either (a) did not transmit caller identification

7

information that included either CPN or ANI and the Defendant's or telemarketer's name, (b) did not transmit a valid CPN or ANI at all, or (c) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request to Defendant during regular business hours, (4) within the four years prior to the filing of the Complaint.

**Robocall Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone or any other protected telephone service (3) from or on behalf of the Defendant (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

41. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

42. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

43. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and have retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

44. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate

8

over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

a.   Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b.   Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

c.   Whether Defendant sent calls using artificial or prerecorded voices;

d.   Whether Defendant should be held liable for violations committed on its behalf;

e.   Whether Defendant sent calls using inaccurate caller ID information as prohibited by law; and

f.   Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

45.   **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  There are hundreds of Class members in each class, such that joinder of all members is impracticable.

46.   In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

9

a.    The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c.    Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

d.    Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

47.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

48.    It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

49.    Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be

10

initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

50. These violations were willful or knowing.

51. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

52. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1601(e)**
**(On behalf of Plaintiff and the Telemarketing Caller ID Class)**

53. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

54. It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

55. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without proving a CPN or ANI that transmitted the Defendant's or telemarketer's name.

56. These violations were willful or knowing.

11

57.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

58.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

### THIRD CAUSE OF ACTION
**Statutory Violations of the Telephone Consumer Protection Act
(47 U.S.C. § 227(b)(1)(A)(iii) and/or (b)(1)(B)) on behalf of the Robocall Class**

59.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

60.     The Defendant violated the TCPA by sending or causing to be sent calls to the residential telephones and other protected telephones of Plaintiff and members of the Robocall Class using a pre-recorded messages without their prior express written consent.

61.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

62.     The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

63.     Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully request that

the Court enter judgment against Defendant for:

A.    Certification of the Classes as alleged herein;

B.    Appointment of Plaintiff as representative of the Classes;

C.    Appointment of the undersigned as counsel for the Classes;

D.    Damages to Plaintiff and members of the Classes pursuant to 47 U.S.C. § 227(c)(5) and/or (b)(3);

E.    Injunctive relief for Plaintiff and members of the Classes, pursuant to 47 U.S.C. § 227(c)(5), and/or (b)(3), preventing the Defendant from making calls to numbers listed on the National Do Not Call Registry, without transmission of lawful caller ID information, or using an artificial or prerecorded voice;

F.    Injunctive relief prohibiting Defendant from using artificial or prerecorded voices to contact residential telephone lines and other protected lines, except for emergency purposes, in the future;

G.    Attorneys' fees and costs, as permitted by law; and

H.    Such other or further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 3rd day of June, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar # 333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

13