**IN THE UNITED STATES DISTRICT COURT FOR**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BOBBY GIRIFALCO, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.                                                                Case No. 2:26-cv-03827-GAW

REBUILT BROKERAGE, LLC,

    Defendant.

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Rebuilt Brokerage LLC ("Rebuilt"), by and through undersigned counsel, submits its Answer and Affirmative Defenses to the claims in Plaintiff Bobby Girifalco's ("Plaintiff") Class Action Complaint and Demand for Jury Trial (ECF No. 1) and states as follows:

1. Paragraph 1 does not state any allegations against Rebuilt and contains legal conclusions to which no response is required.

2. Paragraph 2 does not state any allegations against Rebuilt and contains legal conclusions to which no response is required.

3. Paragraph 3 is admitted insofar as Plaintiff purports to bring a putative class action under the Telephone Consumer Protection Act ("TCPA"), Rebuilt denies the allegations that it violated the TCPA.

## PARTIES

4. Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4, and therefore denies the same.

5. Rebuilt admits the allegations in Paragraph 5.

**JURISDICTION AND VENUE**

6.      Paragraph 6 contains legal conclusions to which no answer is required.  To the extent a response is required, Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6, and therefore denies the same.

7.      Paragraph 7 contains legal conclusions to which no answer is required.  To the extent a response is required, Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7, and therefore denies the same.

8.      Paragraph 8 contains legal conclusions to which no answer is required.  To the extent a response is required, Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8, and therefore denies the same.

**BACKGROUND**

9.      Paragraph 9 contains legal conclusions to which no answer is required.  To the extent a response is required, Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9, and therefore denies the same.

10.      Paragraph 10 contains legal conclusions to which no answer is required.  To the extent a response is required, Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10, and therefore denies the same.

11.      Paragraph 11 contains legal conclusions to which no answer is required.  To the extent a response is required, Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11, and therefore denies the same.

12.      Paragraph 12 contains legal conclusions to which no answer is required.  To the extent a response is required, Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12, and therefore denies the same.

13. Paragraph 13 contains legal conclusions to which no answer is required. To the extent a response is required, Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13, and therefore denies the same.

14. Paragraph 14 contains legal conclusions to which no answer is required. To the extent a response is required, Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14, and therefore denies the same.

15. Paragraph 15 contains legal conclusions to which no answer is required. To the extent a response is required, Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15, and therefore denies the same.

### FACTUAL ALLEGATIONS

16. Paragraph 16 contains legal conclusions to which no answer is required. To the extent a response is required, Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16, and therefore denies the same.

17. Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17, and therefore denies the same.

18. Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18, and therefore denies the same.

19. Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19, and therefore denies the same.

20. Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20, and therefore denies the same.

21. Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21, and therefore denies the same.

22.    Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22, and therefore denies the same.

23.    Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23, and therefore denies the same.

24.    Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24, and therefore denies the same.

25.    Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25, and therefore denies the same.

26.    Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26, and therefore denies the same.

27.    Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27, and therefore denies the same.

28.    Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28, and therefore denies the same.

29.    Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29, and therefore denies the same.

30.    Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30, and therefore denies the same.

31.    Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31, and therefore denies the same.

32.    Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32, and therefore denies the same.

33.    Rebuilt denies the allegations in Paragraph 33.

34. Rebuilt denies the allegations in Paragraph 33.

35. Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35, and therefore denies the same.

36. Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36, and therefore denies the same.

37. Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37, and therefore denies the same.

38. Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38, and therefore denies the same.

## CLASS ALLEGATIONS

39. Rebuilt incorporates by reference its responses to the foregoing paragraphs as if fully stated herein.

40. Rebuilt denies that the classes described in Paragraph 40 are appropriate for the Court to certify in this case.

41. Rebuilt denies the allegations in Paragraph 41.

42. Rebuilt denies the allegations in Paragraph 42.

43. Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 43, and therefore denies the same.

44. Rebuilt denies the allegations, including all subparts, in Paragraph 44.

45. Rebuilt denies the allegations in Paragraph 45.

46. Rebuilt denies the allegations, including all subparts, in Paragraph 46.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On behalf of Plaintiff and the National DNC Class)

47.    Rebuilt incorporates by reference its responses to the foregoing paragraphs as if fully stated herein.

48.    Paragraph 48 contains legal conclusions to which no answer is required.  To the extent a response is required, Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 48, and therefore denies the same.

49.    Rebuilt denies the allegations in Paragraph 49.

50.    Rebuilt denies the allegations in Paragraph 50.

51.    Rebuilt denies the allegations in Paragraph 51.

52.    Rebuilt denies the allegations in Paragraph 52.

## SECOND CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1601(e)
### (On behalf of Plaintiff and the Telemarketing Caller ID Class)

53.    Rebuilt incorporates by reference its responses to the foregoing paragraphs as if fully stated herein.

54.    Paragraph 54 contains legal conclusions to which no answer is required.  To the extent a response is required, Rebuilt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 54, and therefore denies the same.

55.    Rebuilt denies the allegations in Paragraph 55.

56.    Rebuilt denies the allegations in Paragraph 56.

57.    Rebuilt denies the allegations in Paragraph 57.

58.     Rebuilt denies the allegations in Paragraph 58.

**THIRD CAUSE OF ACTION**
**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(b)(1)(A)(iii) and/or (b(1)(B)) on behalf of the Robocall Class**

59.    Rebuilt incorporates by reference its responses to the foregoing paragraphs as if fully stated herein.

60.    Rebuilt denies the allegations in Paragraph 60.

61.    Rebuilt denies the allegations in Paragraph 61.

62.    Rebuilt denies the allegations in Paragraph 62.

63.    Rebuilt denies the allegations in Paragraph 63.

64.    Responding to the unnumbered Paragraph following Paragraph 63, beginning "WHEREFORE," Rebuilt denies all allegations contained therein, including each subpart. Specifically, Rebuilt denies that Plaintiff is entitled to any of the relief sought in the Complaint. Rebuilt denies any allegation not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

Now having answered the Complaint, Rebuilt hereby pleads its affirmative defenses to the Complaint:

1.    Plaintiff, and the putative class, have failed to state a claim upon which relief can be granted.

2.    Plaintiff's claims on behalf of the purported classes are barred by Plaintiff's failure to meet all mandatory requirements of FRCP 23.

3.    The claims alleged by the named Plaintiff are neither common nor typical of those, if any, of the members of the purported classes.

4.    The named Plaintiff is an inadequate representative of the purported classes, and Plaintiff's counsel cannot adequately represent the purported classes.

5.      The types of claims alleged by Plaintiff are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment.

6.      Rebuilt acted in good faith at all times, and if any conduct by Rebuilt is found to be unlawful, which Rebuilt expressly denies, such conduct was not willful and should not give rise to liability.

7.      To the extent there was any violation of the Telephone Consumer Protection Act ("TCPA"), which Rebuilt denies, Rebuilt denies that it willfully or knowingly violated the TCPA.

8.      Plaintiff's claims for treble damages are barred because Rebuilt did not engage in any knowing or willful misconduct.

9.      Rebuilt is not vicariously liable for the claims asserted by Plaintiff that resulted from the actions of third parties

10.     Rebuilt reserves the right to amend its Answer and Affirmative Defenses to assert any additional defenses made known to it through discovery or otherwise.

Respectfully submitted,

/s/ Christopher A. Reese
Joe Nguyen (PA ID No. 93638)
Christopher A. Reese (PA ID No. 308939)
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
T: (215) 564-8000
E: jnguyen@stradley.com
   creese@stradley.com

*Attorneys for Defendant*

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 22, 2026, a true and exact copy of the foregoing Defendant's Answer and Affirmative Defenses was filed using the Court's CM/ECF system and served via CM/ECF electronic notice to all counsel of record.


/s/ Christopher A. Reese
Christopher A. Reese

9