**IN THE UNITED STATES DISTRICT COURT FOR
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BOBBY GIRIFALCO, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.                                  Case No. 2:26-cv-03827-GAW

REBUILT BROKERAGE, LLC,

      Defendant.

**DEFENDANT REBUILT BROKERAGE LLC'S BRIEF IN SUPPORT OF MOTION TO
TRANSFER VENUE**

Defendant Rebuilt Brokerage LLC ("Rebuilt"), by and through undersigned counsel, pursuant to 28 U.S.C. § 1404(a), respectively submits this Brief in Support of its Motion to Transfer Venue to the United States District Court for the Middle District of Tennessee, Nashville Division. In support, Rebuilt states as follows:

**INTRODUCTION**

This matter should be transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Middle District of Tennessee, Nashville Division. This matter indisputably could have been brought in the United States District Court for the Middle District of Tennessee, where Rebuilt is based. The Middle District of Tennessee has a far stronger interest in this litigation. The convenience of the parties and witnesses and the interests of justice similarly warrant transfer of this action to the Middle District of Tennessee. Plaintiff is the only connection between this suit and this District. Courts within this Circuit afford minimal deference to the forum choice of a plaintiff pursuing a putative *nationwide* class action, particularly in a forum that is not the situs of the material facts.

Indeed, this case has little connection to this forum, which is merely the location of one putative class member. Transfer will enable substantial convenience and efficiency and will result in little prejudice to Plaintiff Bobby Girifalco ("Plaintiff") who will be deposed in this District regardless of transfer. Accordingly, this case should thus be transferred to the Middle District of Tennessee.

**RELEVANT FACTUAL BACKGROUND**

I.  **THE PARTIES**

Plaintiff alleges that he "is an individual residing in the Eastern District of Pennsylvania." Complaint, ¶ 4.

Rebuilt is headquartered and has its principal place of business in Nashville, Davidson County, Tennessee.  Declaration of Albert Young ("Young Decl."), ¶ 5; *see also* Complaint, ¶ 5. Business records and transactional databases are located at Rebuilt's headquarters in Nashville, Tennessee.  Young Decl., 6.  The policies generated by Rebuilt are largely developed, maintained, and implemented by personnel located in Nashville, Tennessee.  *Id*. at ¶ 7.  Documents (both electronic and hard copy) are stored at Rebuilt's headquarters in Nashville, Tennessee.  *Id*. at ¶ 8. The software program used when the making calls is located in and accessed from Rebuilt's headquarters in Nashville, Tennessee.  *Id*. at ¶ 12.  Most of Rebuilt's key employees who have knowledge or information that relates to the claims made in this case and Rebuilt's defenses to those claims are located in the greater Nashville, Tennessee area.  *Id*. at ¶13.  None of these individuals work or live in Pennsylvania.

As it relates to the calls at issue, the persons who create and oversee the consumer outreach program are employed by and reside in the Nashville, Tennessee area.  *Id*. at ¶11.  Rebuilt's records relating to the calls it places are located in or accessed from Rebuilt's headquarters in Nashville.

2

*Id*. at ¶ 8.  All decisions regarding who to call, when to call and the content of the call are made in Nashville.  *Id*. at ¶ 9.

## II.    ALLEGATIONS OF THE COMPLAINT

On June 3, 2026, Plaintiff filed a Complaint alleging he received calls from Rebuilt beginning on or about March 4, 2026. Complaint, ¶ 25 (ECF No. 1).  Plaintiff contends that the calls were prerecorded or used an artificial voice and were sent for the purpose of encouraging Plaintiff to purchase Rebuilt's real estate services and were made despite his number being listed on the national do-not-call registry and without his consent. (*Id.* ¶¶ 22, 23, 33, 34)

On this basis, Plaintiff brings three TCPA claims: (i) alleging violation of the TCPA's national do-not-call registry provisions (ii) alleging violation of the TCPA's telemarking caller ID transmission provision; and (iii) alleging violation of the TCPA's prerecorded call provisions. (*Id.* ¶¶ 47-63 [citing 47 U.S.C. §§ 227(b), 227(c).)  Further, Plaintiff seeks to pursue these claims on behalf of the following putative nationwide classes:

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

> **Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) which either (a) did not transmit caller identification information that included either CPN or ANI and the Defendant's or telemarketer's name, (b) did not transmit a valid CPN or ANI at all, or (c) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request to Defendant during regular business hours, (4) within the four years prior to the filing of the Complaint.

> **Robocall Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone or any other protected telephone service

(3) from or on behalf of the Defendant (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

Complaint, pp. 7-8.

## ARGUMENT

### I.    Legal Standard.

The transfer of a case is appropriate pursuant to 28 U.S.C. § 1404(a), "when a sister federal court is the more convenient place for trial of the action." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp*, 549 U.S. 422, 430 (2007).  The purpose of this venue transfer statute is to prevent "the waste of time, energy, and money and to protect litigants, witnesses, and public interest against unnecessary inconvenience and expense." *Perrong v. Timeshare Help Source, LLC*, Civil Action No. 22-1085, 2022 WL 5221331, at *4 (E.D. Pa. Oct. 5, 2022) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations omitted).

Section 1404(a) transfer is appropriate where transfer is being sought to a jurisdiction where (i) the action "might have been brought" and (ii) convenience of the parties and witnesses and the interests of justice weigh in favor of transfer. *See* 28 U.S.C. § 1404(a).  "Thus, in analyzing a motion to transfer under Section 1404, the Court must first determine whether venue would be proper in the transferee district." *Shelton v. Freedom Forever, LLC*, No. 24-4333, 2025 WL 693249, * 1 (E.D. Pa. March 4, 2025) (internal quotations and citation omitted).  If venue is proper in the transferee district, the Court must consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citation omitted). The Third Circuit Court considers "both public and private interest factors when deciding whether transfer is appropriate." *Shelton*, 2025 WL 693249, at * 2.

4

**II.    This Case Should be Transferred to the United States District Court for the Middle District of Tennessee.**

**A.  Venue is proper in the Middle District of Tennessee**.

As an initial matter, venue is proper in the Middle District of Tennessee where Rebuilt resides.  28 U.S.C. § 1391(b)(1).  Residence includes any district "defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ." *See* 28 U.S.C. § 1391(b)(1), (c)(2). Rebuilt is subject to personal jurisdiction in Tennessee, where it maintains its principal place of business. Young Decl. ¶ 5; *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Rebuilt's principal place of business is in Nashville, Tennessee, in Davidson County, within the Middle District of Tennessee. *See* 28 U.S.C. § 123(b)(1); *see also* Young Decl. ¶ 5; Compl., ¶ 5.

**B.  The "Private Interest" Factors Favor Transfer.**

In considering a motion to transfer under § 1404(a):

> The private interests to assess are: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent they would be unavailable in a particular forum; and (6) the location of evidence to the extent in cannot be produced in a particular forum.

*Jumara*, 55 F.3d at 879. Here, the private interest factors weigh heavily in favor of transfer.

**1.  Plaintiff's choice of forum is entitled to little weight in this putative nationwide TCPA class action.**

Plaintiff's choice of forum here is entitled to little, if any, weight in the transfer analysis. Plaintiff brings this case as a putative nationwide class action on behalf of three nationwide classes. In putative class actions, "where there are hundreds of potential plaintiffs . . . the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened." *Smith v. HireRight Solutions, Inc*., No. 09-6007, 2010 WL 2270541, *3 (E.D. Pa. June 7, 2010) (citing *Koster v. Lumbermens Mut. Cas. Co*., 330 U.S. 518, 524 (1947)).  And "plaintiffs

in TCPA class actions receive even less deference because such actions are 'normally attorney driven and require limited participation from the named plaintiff for their individual claims or as class representatives.'" *Shelton*, 2025 WL 693249, at *2 (quoting *Pierucci v. Homes.com Inc.*, No. 20-8048, 2020 WL 5439534, at *5 (D. Ariz. Sept. 10, 2020) (citation omitted); *see also Laguardia v. Designer Brands, Inc.*, No. 19-1568, 2020 WL 2463385, at *8 (S.D. Cal. May 7, 2020); *Newman v. Energy*, L.P., No. 21-2446, 2023 WL 2914788, at *3 (D. Md. Apr. 12, 2023).

Furthermore, and relatedly, "where the plaintiff's chosen forum is not the situs of material events, plaintiff's chosen forum is entitled to less deference." *LaFrance, Corp. v. Werttemberger*, No. 07-CV-2781-LDD, 2007 WL 9813080, at *2 (E.D. Pa. Oct. 17, 2007) (internal quotations and citation omitted); *see also Kissick v. Am. Residential Servs., LLC*, No. CV 19-1460-MWF (SSX), 2019 WL 6434639, at *3 (C.D. Cal. July 18, 2019) (finding the same in a TCPA case).

Plaintiff seeks to represent three putative nationwide classes and it stands to reason most of these persons reside outside of Pennsylvania. The situs of material events is also in the Middle District of Tennessee, where the allegedly unlawful actions originated. *See Kissick*, 2019 WL 6434639, at *3 ("[T]he Complaint does not allege that any other operative facts occurred in California apart from Plaintiff's receipt of the telephone call."). Plaintiff does not allege that anything apart from his alleged receipt of calls took place here.  Accordingly, Plaintiff's forum choice is entitled to little deference and this factor weighs in favor of transfer.

## 2.  Rebuilt's preference weighs in favor of transfer.

Rebuilt prefers to litigate this case in the Middle District of Tennessee where it is headquartered, where the witnesses are located, and evidence is accessed. Therefore, this factor weights in favor of transfer. *Smith*, 2010 WL 2270541, at *4 ("Defendant's preference for an Oklahoma forum weighs in favor of transfer").

### 3. The Middle District of Tennessee is more convenient for the parties and material witnesses.

Even though Plaintiff resides in the District, this District will prove inconvenient to the parties and relevant witnesses (not to mention myriad putative class members). Plaintiff is pursuing a putative nationwide class action against a Nashville, Tennessee based company concerning actions and conduct taking place predominantly within Nashville, Tennessee, rendering the Middle District of Tennessee far more convenient and cost-effective venue for the parties and material witnesses.

Not only is Rebuilt based in Nashville, but most of the staff involved in creating, overseeing, and approving the outbound calls at issue work out of the headquarters. (Young Decl. ¶¶ 9, 11.) The Young Declaration identifies key employees involved in the underlying phone call program. (*Id.* at ¶ 13.) These key employees reside in the greater Nashville, Tennessee area. (*Id.*) These witnesses are critical to the elements of Plaintiff's claims as they possess knowledge concerning the very fundamentals of this case: (i) consent obtained from and inquiries made by putative class members, (ii) the outreach made, (iii) call detail notes, (iv) why Plaintiff and the putative class members were called, (v) the call content and (vi) Rebuilt's calling practices. (*Id.* ¶ 14.) If the case remains in this District, Plaintiff would not be able to issue compulsory process to these individuals in Tennessee. *See* Fed. R. Civ. P. 45(c)(1).

The only anticipated witness in this District is Plaintiff, and Rebuilt commits to deposing Plaintiff in Pennsylvania regardless of where this case is pending. The putative classes are nationwide by definition, and thus the persons Plaintiff seeks to represent are presumptively dispersed nationwide. The fact that Plaintiff proposes a class action, tips the convenience factor towards Rebuilt. *See, e.g. Rauhala v. Greater New York Mutual Insurance, Inc.*, No. 22-1788, 2022 WL 16553383, *4 (E.D. Pa. Oct. 31, 2022) ("Class representatives rarely participate in the

case beyond initiating the lawsuit and presenting for a deposition. As a result, [plaintiff] will experience little or no inconvenience if the case is transferred to New York."); *HireRight Solutions,* 2010 WL 2270541, *6 (transferring case and holding that although the Eastern District of Pennsylvania was more convenient for the plaintiff, "it is not necessarily convenient to any of the other class members, who could reside anywhere in the United States.").

The convenience of the parties and witnesses thus favors transfer to the Middle District of Tennessee, which is the location of Rebuilt's headquarters, the location of the majority of the witnesses, and situs of material events.

### 4.   The "location of evidence" inquiry favors transfer.

While this factor is of diminishing weight given the advances in technology with respect to document production, this factor weigh in favor of transfer here. *See Abramson v. CWS Apartment Homes, LLC*, No. 16-426, 2016 WL 663493, *3 (W.D. Pa. Nov. 8, 2016).

Plaintiff's putative nationwide classes pertain to persons to whom Rebuilt placed calls within the last four years who were on the national do not call registry, received calls that did not transmit caller identification information that included either CPN or ANI and Rebuilt's name, or received called using prerecorded messages. Complaint, ¶ 40. The entirety of Plaintiff's claims stem from (i) the type of outreach placed, (ii) the nature of the calls placed, (iii) whether consent was obtained, (iv) how Plaintiff's number and the putative class members' numbers were obtained, (v) why Plaintiff and the putative class members were called, and (vi) Rebuilt's calling practices. These elements will require discovery of documents managed in and accessed from Nashville, Tennessee. (Young Decl. ¶ 8.)

Rebuilt's employees who created and oversee the call program at issue are predominantly located in Nashville, Tennessee area. (*Id.* ¶ 11.) The information pertaining to consent, how

numbers were obtained, why calls were made, to whom calls were made and the call content is all accessed from Nashville. (*Id.* ¶ 8.) Rebuilt only intends to call persons who have submitted inquiries and expressed interest in its products; thus, all documents in Rebuilt's possession relating to consent obtained from and inquiries made by putative class members is managed and accessed from Nashville. (*Id.* ¶¶ 8, 10.)

As a result, this factor weighs in favor of transferring this case to the Middle District of Tennessee. *See, e.g.*, *Abramson*, 2016 WL 6634933, at *3 (finding that the location of the corporate defendant's records in Texas favored transferred); *Neff v. Towbin Dodge LLC*, No. 20-00261, 2020 WL 6802188, at *3 (E.D. Cal. Nov. 19, 2020) (finding the same in a TCPA case).

### 5.  The remaining private interest factors carry little or no weight.

Because the case is a proposed class action, the inquiry into "where the claim arose" carries little or no weight. While Plaintiff may have allegedly received an unwanted call in this District that is of no greater importance than whether any other putative class members received an unwanted call in their home districts. Furthermore, no element of Plaintiff's claim turns on where he was when a call was received. Therefore, this factor should carry little, if any, weight in the transfer analysis. *See, e.g.*, *Abramson*, 2016 WL 663493, at *2 ("Even though Mr. Abramson allegedly received the text on a call phone with a 412 area code tied to this District, the overwhelming majority of events giving rise to the claim occurred outside of Pennsylvania.") (granting transfer in putative TCPA class action)*; Neff,* 2020 WL 6802188, at *3 (same). On the other hand, the material actions of where the calls originated and the basis for those calls took place in Nashville, Tennessee—and not just for Plaintiff, but for the putative classes. *See, e.g.*, *Neff*, 2020 WL 6802188, at *3 (noting the calls and key decisions took place at the defendant's place of business in Nevada).

**C. The "Public Interest" Factors Favor Transfer.**

With regard to the public interest factors, courts consider: (1) the enforceability of any judgment; (2) the docket congestion; (3) the court's familiarity with any applicable state law; (4) the local forum's interest in deciding the case; and (5) practical considerations that would make trial easy, expeditious or expensive. *Jumara*, 55 F.3d at 879. Here, the private interest factors weigh in favor of transfer.

**1. This forum has no meaningful interest in deciding this case.**

As this is a putative nationwide class action, this factor favors the location of the defendant. *See, e.g., Shelton*, 2025 WL 693249, at \* 4 (finding in putative class action case that because the corporate defendant was located in the Central District of California, that forum has a greater interest in deciding the case). Indeed, courts have held, in the precise TCPA class action context that is presented here, that the defendant's location far outweighs that of the plaintiff. *See Perrong*, 2022 WL 5221331, \*6 (transferring proposed nationwide TCPA class action to the Eastern District of Missouri, Court holding that "the Eastern District of Missouri also has a local interest in the case because it concerns allegedly illegal activity committed by an entity with its principal place of business located therein"); *Geraci v. Red Robin Int'l, Inc.,* Civil No. 1:18-cv-15542-RMB, 2019 WL 2574976, \*4 (D.N.J. June 24, 2019) (transferring proposed TCPA class action to Colorado: "Colorado has a more compelling local interest in adjudicating this case than New Jersey. This is a case about a company headquartered in Colorado allegedly harming citizens throughout the nation by using technology in Colorado to effect marketing decisions made in Colorado. As such, this factor weighs in favor of transfer."); *Abramson*, 2016 WL 6634933, \*4 (transferring proposed nationwide TCPA class action to Western District of Texas: "This is a national class action with no local interests other than [plaintiff]'s residence here.").

10

As applied here, the Middle District of Tennessee has a meaningful interest in deciding a proposed nationwide class action against a company headquartered in its District, which strongly favors transfer of the case.  Further, the Eastern District of Pennsylvania has no particular local interest in this case, which has no more than a happenstance connection to this case.  *See Greenberg v. Johnson Controls, Inc.*, 790 F. Supp. 3d 431, 445 (E.D. Pa. 2025) (Weilheimer, J.) ("[T]he national nature of this dispute . . . outweighs the local interest in deciding the case.").  The Middle District of Tennessee has a strong "local interest in the case" where one of its corporate citizens is accused of violations of a federal statute on a large scale (*i.e.*, a proposed nationwide class action).  As the courts in *Perrong*, *Geraci*, and *Abramson* held, the district in which the defendant is headquartered is the most appropriate venue, and has the greatest interest in adjudicating, a proposed nationwide class action under the TCPA.

### 2.    The "practical considerations" inquiry favors transfer.

The assessments of "practical considerations" involves analysis of issues "that could make the trial easy, expeditious, or inexpensive.  *Jumara*, 55 F.3d at 879.  Here, the practical considerations weigh in favor of transfer.  For example, this case is in its earliest stages; in fact, Rebuilt's responsive pleading was just filed on July 22, 2026. *See* ECF No. 8. There will be no waste of judicial resources to transfer the case at this early stage. *See, e.g.*, *Smith*, 2010 WL 2270541, *9 ("[T]his action has been before the Court for a relatively short period of time and, thus, 'a transfer will not significantly disrupt the litigation or result in a waste of judicial resources.'") (quoting *Zokaites v. Land-Cellular Corp.*, 424 F. Supp. 2d 824, 841 (W.D. Pa. 2006)).

The fact that the overwhelming majority of the books and records relevant to the case are located in Tennessee also favors transfer. *See, e.g.*, *Perrong*, 2022 WL 5221331, *7 ("As to the

practical considerations of trial, several witnesses and relevant documents are likely located in the Eastern District of Missouri.") (transferring case); *Tshudy v. Pennsylvania State Univ.*, 2022 WL 4225612, *4 (E.D. Pa. Sept. 13, 2022) (transferring case to Middle District of Pennsylvania, as the "practical considerations of trial factor weighs in favor of transfer; many, if not all, of the witnesses and relevant documents are likely in the Middle District"); *Smith*, 2010 WL 2270541, *9 (transferring case where "Oklahoma is also where the bulk of the relevant documents are located"); *see also Abramson,* 2016 WL 6634933, *3 (transferring proposed nationwide TCPA class action to federal court in Texas where defendant argued' that "transferring this matter to Texas would make the trial easier and cheaper because presenting several witnesses would be costly in this District as their corporate representative, witnesses and files are in Texas," thus "[t]he 'practical considerations' factor weighs in favor of transfer"). Therefore, the "practical considerations" favor transfer.

### 3.  The remaining public interest factors are neutral.

The remaining public interest factors are neutral in the 1404(a) analysis. The TCPA is a federal statute, the "familiarity with law" factor does not apply; the same holds true for the enforceability of judgment" factor. *See, e.g.*, *Shelton*, 2025 WL 693249, at *4 (finding the enforceability of judgment and familiarity with law factors neutral because the TCPA is a federal, not state, law).

Finally, the "docket congestion" factor is "generally is not a factor worthy of great weight." *Gen. Refractories Co. v. Washington Mills Electro Minerals Corp.*, No. CIV. A. 94-6332, 1995 WL 361164, *5 (E.D. Pa. June 16, 1995); *see also Beychok v. Baffert*, 717 F. Supp. 3d 392, 411 (D.N.J. 2024) ("Courts often assign relatively little weight to this [court congestion] factor or

find that it is neutral.") (citing numerous district court opinions within the Third Circuit).

Accordingly, the remaining public interest factors are neutral and do not prevent transfer.

## **CONCLUSION**

For the foregoing reasons, Defendant Rebuilt Brokerage, LLC respectfully requests that

this Court transfer this action pursuant to 28. U. S. C. § 1404(a) to the United States District Court

for the Middle District of Tennessee, Nashville Division.

Respectfully submitted,

/s/ Christopher A. Reese
Joe Nguyen (PA ID No. 93638)
Christopher A. Reese (PA ID No. 308939)
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
T: (215) 564-8000
E: jnguyen@stradley.com
   creese@stradley.com

*Attorneys for Defendant*

13