**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BOBBY GIRIFALCO**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**REBUILT BROKERAGE LLC,**<br><br>*Defendant.* | Case No. 2:26-cv-03827<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT REBUILT BROKERAGE LLC'S MOTION TO TRANSFER VENUE**

## INTRODUCTION

Rebuilt Brokerage, LLC asks this Court to move a Pennsylvania plaintiff's case, regarding property in Pennsylvania out of Pennsylvania for one reason: its headquarters are somewhere else. Every corporate defendant sued outside its home State can say as much.

Section 1404(a) requires more.

Mr. Girifalco resides in this District. Compl. ¶ 4. Rebuilt placed prerecorded telemarketing calls to his Pennsylvania telephone number, a number listed on the National Do Not Call Registry, without his consent. Compl. ¶¶ 22-23, 25, 33-34. The calls were regarding a Pennsylvania property. Compl. ¶ 27. The injury the TCPA exists to redress, the intrusion worked by an unwanted, unconsented telemarketing call, occurred in Pensylvania. This is both Mr. Girifalco's home forum and the situs of the events giving rise to his claim, which is the posture in which a plaintiff's choice commands the greatest deference.

Rebuilt's motion rests on a three-page declaration from its own Chief Executive Officer. That declaration identifies exactly two witnesses, Mr. Young himself and Mr. Spalding, both of them Rebuilt's own senior officers, located out of state. Young Decl. ¶ 13. It does not identify a single non-party witness, and it nowhere suggests that any witness would be unavailable for trial in this District. It does not state that any document could not be produced here; it states only that Rebuilt's records are "managed and accessed from" Nashville. *Id.* ¶ 8.

Rebuilt's own lead authority also bears on its convenience argument in a way its brief does not acknowledge. In *Perrong v. Timeshare Help Source, LLC*, this Court initially *denied* transfer because "a corporation doing business in this District . . . cannot credibly contest the convenience of related litigation," whereas "individual defendants… can credibly make such arguments." No. 22-1085, 2022 WL 5221331, at *7 (E.D. Pa. Oct. 5, 2022). The Court granted transfer only after amendment added an individual defendant, residing 800 miles from this District and for whom litigation "would constitute a severe financial hardship." *Id.* at *3, *7. Rebuilt is a corporate defendant, and the only defendant in this case.

## FACTUAL BACKGROUND

Mr. Girifalco is an individual residing in the Eastern District of Pennsylvania. Compl. ¶ 4. Beginning on or about March 4, 2026, he received calls from Rebuilt that used a prerecorded or artificial voice, that were placed to encourage him to purchase Rebuilt's real estate services, that were placed to a number listed on the National Do Not Call Registry, and that were placed without his consent. Compl. ¶¶ 22-23, 25, 33-34. He filed this action on June 3, 2026, asserting claims under 47 U.S.C. §§ 227(b) and 227(c). Compl. ¶¶ 47-63.

Rebuilt answered on July 22, 2026. ECF No. 8. It did not move to dismiss for improper venue, and it does not contend that venue is improper in this District. It filed the present motion on August 12, 2026.

The Young Declaration establishes that Rebuilt is headquartered in Nashville (¶ 5); that its (most likely electronic) records are "located at" or "managed and accessed from" Nashville (¶¶ 6, 8); that the software used to place the calls to Pennsylvania is "located in and accessed from" Nashville (¶ 12); that its calling decisions (including for calls to Pennsylvania) are made in Nashville (¶ 9); and that the persons who oversee its call program reside in the greater Nashville area (¶ 11). As to witnesses, it says this and only this: "Michael Spalding, the Chief Operating Officer of Rebuilt, and [Albert Young] are the key employees with knowledge of the facts alleged in Plaintiff's Complaint." Young Decl. ¶ 13.

The declaration does not state that Rebuilt lacks business in Pennsylvania. It does not describe the volume of calls Rebuilt placed to Pennsylvania telephone numbers, or to any other State. It does not state that Mr. Girifalco is an outlier among the putative class. It does not identify any third-party vendor, lead source, or dialing provider. And it does not state that any witness would be unavailable in this District or that any document could not be produced here.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice," a district court may transfer a civil action to any other district where it might have been brought. 28 U.S.C. § 1404(a). The moving party bears the burden of showing that the factors warrant transfer. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). "The decision to transfer is in the court's discretion, but a transfer is not to be liberally granted." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (cleaned up). A plaintiff's choice of forum is a "paramount consideration" that

"should not be lightly disturbed" in any determination of a transfer request. *Id.*; *Jumara*, 55 F.3d at 879.

Plaintiff acknowledges that a movant need not show "truly compelling circumstances," but rather that "all relevant things considered, the case would be better off transferred to another district." *In re United States*, 273 F.3d 380, 388 (3d Cir. 2001) (cleaned up). That standard still requires more than a showing "that the fora are equally appropriate." *Koken v. Lexington Ins. Co.*, No. 04-2539, 2004 WL 2473432, at *2 (E.D. Pa. Nov. 2, 2004) (quoting *George Young Co. v. Bury Bros., Inc.*, 2004 WL 1173129, at *8 (E.D. Pa. Apr. 2, 2004)). Nor may transfer "merely shift the inconvenience from the defendant to the plaintiff." *Aquarium Pharms., Inc. v. Indus. Pressing & Packaging, Inc.*, 358 F. Supp. 441, 446 (E.D. Pa. 1973).

In *Jumara*, the Third Circuit set out six private and six public factors:

| **Jumara Private Factors** | **Jumara Public Factors** |
|---|---|
| Plaintiff's forum preference. | Enforceability of a judgment. |
| Defendant's forum preference. | Practical trial considerations. |
| Where the claim arose. | Administrative difficulty and caseload. |
| Convenience of the parties. | Local interest in local controversies. |
| Convenience of the witnesses. | Public policies of the fora. |
| Location of books and records. | Familiarity with state law. |

Plaintiff does not dispute that this action could have been brought in the Middle District of Tennessee. The analysis therefore turns on the *Jumara* factors, and on whether Rebuilt has carried its burden as to them.

## ARGUMENT

### I. Rebuilt's evidentiary showing cannot carry its burden.

A defendant does not satisfy Section 1404(a) by submitting a declaration from its own officer asserting that litigating at home would be more convenient. In *Koken*, this Court rejected precisely that showing: the defendant "provide[d] no documentation, such as affidavits from the

witnesses, supporting this claim of inconvenience," and did not "suggest that the witnesses would be unavailable to testify if the case remains in the Eastern District of Pennsylvania." 2004 WL 2473432, at *3. Rebuilt has done no more here. Its record consists of one declaration, from its Chief Executive Officer. And even that declaration doesn't contain the word "inconvenience" at all. It simply states that Spalding and Young reside in the Nashville area but notably does not state that travel would be somehow improper or inconvenient. The Declaration attests to facts which are common to any business operating in multiple states.

*Jumara* confines the fifth private factor to witnesses who "may actually be unavailable for trial in one of the fora," and the sixth to records "to the extent that the files could not be produced in the alternative forum." 55 F.3d at 879. Rebuilt's declaration addresses neither limitation. It describes where Rebuilt's officers work and where its employees log in. Those are facts about Rebuilt's habits, not about the capability of either forum to host this litigation.

## II. The Jumara private factors weigh against transfer.

### A. Plaintiff chose his home forum, which is also the situs of the events giving rise to his claim, the strongest factor weighing against transfer.

Mr. Girifalco's choice occupies the strongest position a plaintiff's choice can occupy, since he sued where he lives and where he was injured. Deference is reduced when a plaintiff selects a forum that is neither his home nor the location of the occurrence on which the suit is based. Here, it is both.

*Barbato v. Greystone Alliance, LLC*, 992 F. Supp. 2d 398 (M.D. Pa. 2014), is directly on point and cuts against transfer. There, as here, the defendant's principal place of business, its books and records, and the origin of the offending telephone calls in a Fair Debt Collection Practices Act case were all in the proposed transferee district. *Id.* at 401. The court denied transfer because the plaintiff resided in the chosen district and received the calls there: "Plaintiff's choice of forum is

the Middle District of Pennsylvania, at the time of the occurrences Plaintiff resided within the district, and it is inferred that the phone calls were received within the district. These factors are not outweighed by the reasons for transfer promulgated by Defendant." *Id.* at 402.

Rebuilt's answer is that Mr. Girifalco forfeited deference by pleading a class. Courts in this Circuit have held that a plaintiff's choice may be *diminished* in the class context. None has held it eliminated and Rebuilt cites none. The reduction rests on *Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 524 (1947), a case which predates modern Rule 23, and on the premise that absent class members "could with equal show of right go into their many home courts." But, critically, that premise carries weight only where the record shows the forum's connection to the litigation is fortuitous. Rebuilt has offered no such record.

The contrast with Rebuilt's own authority is instructive. In *Abramson v. CWS Apartment Homes, LLC*, No. 16-426, 2016 WL 6634933 (W.D. Pa. Nov. 8, 2016), the defendant, unlike the defendant here, swore that the plaintiff "is the only person whose cell phone number links him to Pennsylvania," that over ninety-five percent of recipients had North Carolina or Texas area codes, that it conducted no business in Pennsylvania, and the plaintiff "d[id] not dispute these sworn statements." *Id.* at *1. The Young Declaration contains nothing comparable and no comparable statistics or evidence to allow the Court to even begin to evaluate the propriety of a transfer. Rebuilt asks this Court to reach *CWS*'s result on a record stripped of the evidence that produced it.

Rebuilt presses a further proposition: that TCPA class plaintiffs receive "even less deference" because such actions are "normally attorney driven." Br. at 5-6. But every authority Rebuilt offers for that rule originates outside this Circuit. The Third Circuit has never adopted it, and it should not be adopted here. What's more, the actual factor that *does* apply here, the Plaintiff's forum choice, comes straight from *Jumara*. The decision to bring the case here was,

quite predictably, because a resident of this District received multiple calls to a 215- area code number regarding a property in this District. Nothing about that decision is attorney driven. Rebuilt's rule finds no support in the law and penalizes a forum resident plaintiff for simply invoking a procedural device Rule 23 expressly authorizes, and would make the defendant's headquarters the presumptive venue for every nationwide class action, a result *Shutte* forecloses.

**B. Rebuilt's forum preference is neutral.**

Rebuilt argues that its own preference "weights in favor of transfer." Br. at 6. Courts in this Circuit hold otherwise, because the factor "does little more than frame the issue, because there would be no motion to transfer *unless* the defendant prefers a different forum." *Edwards v. Equifax Info. Servs., LLC*, 313 F. Supp. 3d 618, 622 (E.D. Pa. 2018). This factor is neutral.

**C. The claim arose in this District, weighing against transfer.**

The TCPA redresses the receipt of an unwanted call. The statutory injury is complete when and where the call lands. Mr. Girifalco's Pennsylvania number was on the National Do Not Call Registry and Rebuilt directed prerecorded calls into Pennsylvania to reach it. Courts have accordingly held that a TCPA claim arises where the call is received, *see Perrong*, 2022 WL 5221331, at *5 (citing *Fitzhenry v. Guardian Prot. Servs.*, No. 16-1253, 2016 WL 6652760, at *1 (W.D. Pa. Nov. 9, 2016)), just as FDCPA claims arise where the offending communication is received, *Barbato*, 992 F. Supp. 2d at 402.

In *Perrong*, this Court held that the aforementioned precedent was an "important consideration," but because "the alleged injury—receiving marketing phone calls without consent—occurred in this District," this factor "weighs slightly against transfer," even though the operative decisions were made elsewhere. 2022 WL 5221331, at *5. The same is true here.

Rebuilt responds that Mr. Girifalco's injury "is of no greater importance than whether any other putative class members received an unwanted call in their home districts." Br. at 9. But Mr. Girifalco is the named plaintiff, not a hypothetical absent member, and the argument proves too much. On Rebuilt's logic, the situs of injury is irrelevant in every nationwide class action, and the only relevant place is always the defendant's headquarters. At a minimum, operative conduct occurred in both fora, and this factor weighs against transfer.

**D. The convenience of the parties weighs against transfer.**

This factor asks about "the convenience of the parties as indicated by their relative physical and financial condition." *Jumara*, 55 F.3d at 879. Rebuilt's brief does not address this factor. That omission is itself telling, since a movant's failure to address private factors is an "implicit recognition" that they do not assist it. *Koken*, 2004 WL 2473432, at *4.

Rebuilt's own authority resolves this factor against it. In *Perrong*, this Court explained that its earlier denial of transfer rested on the premise that "a corporation doing business in this District . . . cannot credibly contest the convenience of related litigation," and that transfer became appropriate only when "individual defendants" for whom litigation here "would constitute a severe financial hardship" were added to the case. 2022 WL 5221331, at *3, *7. Rebuilt is a corporate defendant, and the only defendant. There is no individual here who will personally bear the cost of a defense far from home. Under the reasoning of the very decision Rebuilt cites, this is the posture in which transfer was originally denied in *Perrong*.

The asymmetry is otherwise plain. Mr. Girifalco is an individual consumer of modest means. Rebuilt is a multi-market real estate acquisition company with senior leadership, retained counsel, and the institutional capacity to litigate where it is sued. Rebuilt's sole concession that it will depose Mr. Girifalco in Pennsylvania "regardless of where this case is pending," Br. at 7,

addresses one deposition. It says nothing of hearings, conferences, or trial. Transfer would not eliminate inconvenience; it would move it from the party better able to absorb it to the party less able to do so.

**E. The convenience of the witnesses does not support transfer.**

*Jumara* restricts this factor to witnesses who "may actually be unavailable for trial in one of the fora." 55 F.3d at 879. Rebuilt has identified two witnesses. Both are its own officers. Neither is unavailable anywhere. Rebuilt can produce them under Rules 30(b)(1) and 30(b)(6), and this Court can compel their appearance under Rule 37(d), because Rebuilt does not dispute that it regularly transacts business in Pennsylvania. And Rebuilt does not otherwise identify why travel for two identified corporate executives would be improper or infeasible.

Rebuilt's contention that "Plaintiff would not be able to issue compulsory process to these individuals in Tennessee" under Rule 45(c)(1), Br. at 7, inverts the rule. Rule 45 governs subpoenas to non-parties. A party does not create a compulsory process problem by designating its own Chief Executive Officer and Chief Operating Officer as its witnesses. Where compulsory process has driven transfer in this Court, it has been because a defendant identified *former* employees beyond the Court's reach. *See Perrong*, 2022 WL 5221331, at *7. Rebuilt identifies no former employee, no vendor, and no third party of any kind.

The only witness whose convenience genuinely turns on the forum is Mr. Girifalco. For the foregoing reasons, this factor also weighs against transfer.

**F. The location of records is neutral, because Rebuilt never says the records cannot be produced here.**

This is the factor on which the gap between Rebuilt's brief and its evidence is widest. *Jumara* asks whether the files "could not be produced in the alternative forum." 55 F.3d at 879.

That is a question of capability. Every relevant sentence of the Young Declaration points only to their internal practice and does not contemplate capability, and for good reason, since telephone records are stored electronically and are as capable of efficient production in Philadelphia as Nashville. Indeed, Rebuilt's Declaration simply lists the storage locations of electronic records, for example identifying that records are "located at" headquarters (¶ 6); documents are "managed and accessed from Nashville" (¶ 8); and the dialing software is "located in and accessed from" headquarters (¶ 12), but does *not* state that these electronic files cannot be produced elsewhere.

Not one of those statements says the records cannot be produced in this District. Not one says Rebuilt's systems cannot be reached from outside Nashville. "Accessed from Nashville" describes where Rebuilt's employees sit when they log in; it says nothing about where the data can be sent. Paragraph 12 is especially revealing: software that is "accessed from" a location is, by construction, reached over a network. That phrasing describes remote access. It is not an assertion that the platform is tethered to Davidson County, Tennessee, and Rebuilt, the only party in a position to know, declined to make that assertion, because it could not.

The point is structural in a TCPA case. The evidence that will decide this action consists of call detail records, dialer logs, consent and lead source records, scrubbing records against the National Do Not Call Registry, and the content of the prerecorded messages. That material is produced as database exports and audio files and reviewed by counsel and experts wherever they sit. Barring exceptional circumstances not evident here, in 2026, no one travels to Nashville to inspect a server. Rebuilt's brief effectively concedes as much. It says the claims "will require discovery of documents *managed in and accessed from* Nashville." Br. at 8. Discovery of documents is *production*, and production of electronic records is electronic transmission.

Courts in this Circuit have repeatedly so held. "[T]echnological advances of recent years have significantly reduced" the weight of this factor. *Lomanno v. Black*, 285 F. Supp. 2d 637, 647 (E.D. Pa. 2003). Most closely on point, in *Wright v. LeafFilter North, LLC*, the defendant made this identical argument on a materially identical declaration, asserting that documents concerning consent and lead information "are managed and accessed from" its headquarters, and the court held the factor *neutral* because the defendant "d[id] not suggest that any documents cannot easily be produced electronically in this district." No. 3:25-CV-01080, 2025 WL 3041893, at *4 (M.D. Pa. Oct. 31, 2025); *accord Leonettl's Frozen Foods, Inc. v. Crew, Inc.*, 140 F. Supp. 3d 388, 394 (E.D. Pa. 2015) ("The location of books and records, particularly in this electronic age, is not dispositive as the records can be produced and transferred with ease from either venue.").

Rebuilt relies on *CWS* for the contrary proposition that "[t]echnology advances do not render the last private factor superfluous." 2016 WL 6634933, at *3. That is right as far as it goes, the factor is still a factor and cannot be *ignored*. But, when it comes to electronic records, it is the exception, not the rule, that electronic records cannot be readily produced in either venue. And it is certainly not *satisfied* in a defendant's favor by an assertion about where employees log in. Even in *CWS*, the court found the factor favored transfer, only "albeit not strongly" and did so on a record establishing that the defendant *did no business in the forum*. *Id.* Taken at its highest, *CWS* yields Rebuilt a factor of slight weight. It does not displace a home forum plaintiff.

One further omission bears note. The declaration never addresses backups, cloud hosting, or third-party vendors. If Rebuilt uses a hosted dialing platform or a third-party lead service, the relevant records are not in Nashville at all. Rebuilt alone knows, and it has not said.

## III. The Jumara public factors weigh against transfer.

### A. Enforceability of judgment and familiarity with state law are neutral.

The TCPA is a federal statute. Both factors are neutral, as Rebuilt concedes. Br. at 12.

### B. Practical considerations do not favor transfer.

Rebuilt's practical considerations argument reduces to two points, the case is young, and its records are in Tennessee. Neither carries the motion. That a case is at an early stage means transfer would not *waste* judicial resources; it supplies no affirmative reason to transfer, and it would be equally true of any case at the pre- Rule 16 Conference stage.

The second point is the sixth private factor in different clothing. Rebuilt argues under this heading that "the overwhelming majority of the books and records relevant to the case are located in Tennessee." Br. at 11. Having failed to show that any record could not be produced here, Rebuilt may not obtain a second helping of the same argument by relabeling it. Notably, in *Wright* the court credited practical considerations on the early-stage ground alone while separately holding the records factor neutral. 2025 WL 3041893, at *4-5.

Weighing on the other side, Plaintiff's counsel is located in this District, and transfer would substitute one set of travel obligations for another while restarting the case before a new bench.

### C. Court congestion does not favor transfer.

Rebuilt does not argue that the Middle District of Tennessee is materially less congested than this District, and it acknowledges that this factor "generally is not a factor worthy of great weight." Br. at 12. It is neutral.

### D. Pennsylvania has a substantial local interest in this controversy.

Rebuilt frames this factor as a contest the defendant's home district necessarily wins. It is not. Pennsylvania has a concrete interest in whether out-of-state telemarketers may place unconsented, prerecorded calls into the Commonwealth to numbers its residents have placed on

the National Do Not Call Registry. That interest does not disappear because other States share it. As *Barbato* held on materially similar facts, the district where the calls were received "has a local interest in resolving the alleged violations." 992 F. Supp. 2d at 402.

Congress designed the TCPA to operate alongside state consumer protection authority rather than in place of it. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 385-87 (2012). And Rebuilt's own authority makes the point for Plaintiff: *Geraci* described a company "allegedly harming citizens throughout the nation." Br. at 10. Pennsylvania citizens are among them, and this is the District into which Rebuilt's calls were placed. If a forum lacked a local interest whenever the defendant was domiciled elsewhere, the fourth public factor would be a tautology. It's not.

### E. The public policies of the fora do not favor transfer.

Pennsylvania has an interest in providing a forum to consumers injured by unlawful telemarketing within its borders. Tennessee has no corresponding interest in shielding a Tennessee company from answering in the District into which it directed its calls. At most this factor is neutral to negative; it does not support transfer.

## CONCLUSION

Rebuilt has shown that it is headquartered somewhere other than this District, that its officers work there, and that its employees log in there. It has not shown that a single witness would be unavailable here, that a single document could not be produced here, or that this District's connection to this litigation is fortuitous, as the *Jumara* factors contemplate. At best, Rebuilt has shown that the two fora are equally appropriate, which does not meet its burden. *Koken*, 2004 WL 2473432, at *4. Plaintiff respectfully requests that the Court deny Defendant's Motion to Transfer Venue.

RESPECTFULLY SUBMITTED AND DATED this 26th day of August, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar # 333687
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date.

Dated: August 26, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com