FORM

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Bobby Girifalco :
:
v. : CIVIL ACTION NO. 2:26-cv-03827
:
Rebuilt Brokerage LLC :

# JOINT REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on 9/11/26 and submit the following report of their meeting for the Court's consideration:

**Date and time of Rule 16 Conference:** 9/17/2026, 2:30 PM

**Plaintiff's Counsel participating in the Rule 16 conference:** Andrew Roman Perrong, Esq.

**Defendant's Counsel participating in the Rule 16 conference:** Robert Tom, Kelly Hagy, Christopher Reese

**Basis of Jurisdiction:** Federal Question

**Jury trial** x **Non-Jury Trial** ______ **Arbitration** ______

**Do the parties consent to having this case proceed before a Magistrate Judge?** No.

## 1. Discussion of Claims, Defenses, and Relevant Issues

You should assume that the Court has read the complaint and answer and is familiar with the claims. However, the facts supporting those claims and defenses are unknown. Therefore, counsel shall set forth concisely the controlling facts that the parties contend support their claims and defenses. Each party shall provide a brief factual summation of the case should be provided as an attachment and should not exceed two pages in length, double spaced in 12 point font.

If counsel contends that one or more issues of fact or law will be dispositive, they should specifically identify such issues.

## 1. Discussion of Claims, Defenses, and Relevant Issues

***Plaintiff's Factual Contentions***

Plaintiff Bobby Girifalco is an individual who resides in Delaware County, Pennsylvania, within this District. His cellular telephone number bears a 215 area code, an area code assigned to and associated with this District, and he uses that number exclusively for personal, residential, and household purposes. The number was registered on the National Do Not Call Registry for more than a year before the calls at issue, and Plaintiff has never been a customer of Defendant Rebuilt Brokerage, LLC ("Rebuilt"), never requested information from Rebuilt, never supplied Rebuilt with his telephone number, and never consented, in writing or otherwise, to receive telemarketing or prerecorded calls from Rebuilt.

Beginning on or about March 4, 2026, and continuing thereafter, Plaintiff received at least ten telemarketing calls placed from caller ID (615) 434-5031. Plaintiff was physically present in Delaware County, within this District, when he received each of those calls. Each call delivered the identical prerecorded voicemail message, in the same voice and in the same words, in which a speaker identifying himself as "Mike with Rebuilt" solicited Plaintiff concerning its services, evidently to be offered in Delaware County and directed him to call back at 615-434-5031. Plaintiff contends the voice was prerecorded because of its unnatural cadence and pauses and because the same message was delivered verbatim after each of the ten calls.

The subject of those solicitations was regarding property located in Delaware County, Pennsylvania. The services Rebuilt sought to sell by means of the calls, its real estate acquisition and brokerage services, were accordingly services to be rendered in Delaware County for a Delaware County resident. Rebuilt's solicitation was not directed at this District by happenstance; it was directed to a 215- area code number.

Plaintiff further contends that the calls transmitted deficient caller identification information. A CNAM "dip" of the calling number reflects that caller name delivery was available through the carrier serving that number, Bandwidth, but that the CNAM actually transmitted was a geographic identifier, "ASHLAND CITY TN," rather than the name of Rebuilt or of the telemarketer placing the calls on its behalf.

On these facts, Plaintiff asserts three claims under the Telephone Consumer Protection Act: (i) initiation of multiple telephone solicitations within a twelve-month period to a residential telephone subscriber registered on the National Do Not Call Registry, 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2); (ii) initiation of telemarketing calls without transmission of caller identification information including the name of the telemarketer, 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1601(e); and (iii) initiation of calls to cellular and other protected telephone lines using an artificial or prerecorded voice without prior express written consent, 47 U.S.C. § 227(b)(1)(A)(iii) and/or (b)(1)(B). Plaintiff seeks to prosecute those claims on behalf of himself and the three classes defined in the Complaint, and seeks statutory damages, treble damages for knowing or willful violations, and injunctive relief.

Rebuilt's Motion to Transfer Venue to the Middle District of Tennessee, filed August 12, 2026 (ECF No. 10) and fully briefed as of August 26, 2026 (ECF No. 11), remains pending and fully briefed. Plaintiff respectfully submits that the Motion does not carry Rebuilt's burden under Section 1404(a) and that discovery should proceed on the schedule set out below irrespective of its pendency. Plaintiff does not contend that any single issue of fact or law is presently dispositive of the entire action.

*Defendant's Position Statement*

In or around March 2026, Rebuilt called (215) xxx-xxxx asking if Plaintiff was interested in selling real estate to Rebuilt. The call did not violate the TCPA because telephone number (215) xxx-xxxx was previously provided to Rebuilt by Plaintiff when Plaintiff contacted Rebuilt to inquire about Rebuilt's interest in purchasing property owned by Plaintiff. Plaintiff's inquiry to Rebuilt constituted prior express consent for Rebuilt to respond to Plaintiff. Moreover, Rebuilt did not engage in telemarketing and did not attempt to sell anything to Plaintiff. In fact, as alleged in Plaintiff's Complaint, Rebuilt's voicemail stated:

> Hello, this is Mike with Rebuilt. I was reaching out to you since you spoke with somebody here in the past about potentially selling a property that you own. The market's constantly changing, so we'll talk to you more about that property, see if you're still interested in selling it. Please give me a call back here, 615-434-5031. Again, this is Mike with Rebuilt. Look forward to talking to you soon.

ECF No. 1 at ¶ 27. The caller identified himself as Mike and that he works for Rebuilt and specifically asked if Plaintiff was still interested in selling his property since he last spoke to someone at Rebuilt. Moreover, the telephone number displayed on the caller ID (615) 434-5031 when Rebuilt contacted Plaintiff allowed an individual to make a do not call request to Rebuilt during business hours. However, Plaintiff did not make a do not call request to Rebuilt.

Plaintiff lacks standing on constitutional and prudential grounds because he has not suffered an injury to his privacy interests protected by the TCPA. Furthermore, Plaintiff cannot certify a class because he is an inadequate class representative and individualized issues, including consent, predominate over common questions.

**Informal Disclosures**

Except in exceptional cases with a substantial quantity of documents, the parties are expected to have identified and **produced** documents falling within the definition of initial disclosures under Rule 26(a)(1) in advance of the Conference with sufficient time for opposing counsel to review them and be prepared to address them.

**When did parties participate with Rule 26(a)'s duty of self-executing disclosure?**

9/10/2026 (Plaintiff); 9/11/26 (Defendant)

If the parties have not made the Rule 26(a) initial disclosures within the time required by the Court's Order scheduling the pretrial conference, they should explain why not.

**Formal Discovery**

The discovery deadline should normally be no more than 90 - 120 days from the date of the Rule 16 conference.

**The parties anticipate discovery should be completed within** 180 **days.**

**If you contend the discovery period should exceed 120 days, please explain:**
This is a putative class action that requires additional discovery, including class discovery.

**Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D)?** Yes

**Is electronic discovery needed:** Yes **If so, have the parties reached an agreement on how to conduct electronic discovery?** Yes. If the parties cannot reach an agreement, in most cases, the Court will enter an order incorporating default standards. The default order can be viewed at www.paed.uscourts.gov.

Have all necessary authorizations been signed and exchanged in advance of the Conference (e.g. HIPPA release, tax return authorization) ______yes ___N/A___ no

**Are there any discovery issues that should be addressed at the Rule 16 conference?**

None at this time.

**Does either party anticipate the use of experts?** ___x___**yes** ______ **no**

**If yes, describe the nature of the experts.**

Plaintiff will obtain an expert to analyze classwide calling records to determine numbers called on the DNC.

Defendant will retain a rebuttal expert as needed.

**<u>Insurance Coverage:</u>**

The parties shall provide full information about any potentially applicable insurance, regardless of any disclaimer or reservation of rights, including the limits of coverage, potential excess coverage, deductibles, self-insured retention (SIR), and whether any deductible or SIR includes payment of counsel fees and costs.

**Is there a relevant insurance policy?** ______**yes** ___x___ **no**

If yes, state the relevant policy limits on the policy or policies.

**<u>Dispositive Motions:</u>**

**Are dispositive motions expected?** ___x___**yes** ______ **no** ______ **unsure**

**Are Daubert motions expected?** ______**yes** ______ **no** ___x___ **unsure**

**<u>Settlement or Resolution</u>**

The parties should review Local Rule 53.3 before responding. Whenever possible, plaintiff or counter-claim plaintiffs should communicate a settlement demand before the Conference. Set forth the parties' discussion about early resolution through ADR, motion or otherwise explain what steps were taken by counsel to advise the client of alternative dispute resolution options.

If this matter is scheduled as a jury trial, the parties should disclose the most recent demand and offer of settlement. This information should not be disclosed if a bench trial is expected.

**Would a settlement conference be beneficial?** Yes, after some initial discovery, including class discovery.

**If so, when:** _______ early ___x___ after discovery.

**Other Matters**

Please advise the Court if there are any other matters that will need to be addressed at the Conference.

Counsel agrees that they have fully discussed their joint responses to this disclosure and have jointly submitted this response to the best of their knowledge of their respective cases:

[signature]
(Attorney Signature)

/s/ Christopher A. Reese
(Attorney Signature)