**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BOBBY GIRIFALCO, individually and on behalf of all others similarly situated, | : | |
| *Plaintiff*, | : | |
| v. | : | 2:26-cv-03827 |
| REBUILT BROKERAGE, LLC, | : | |
| *Defendant*. | : | |

**ORDER**

AND NOW, this 15th day of September 2026, upon consideration of Defendant's Motion to Transfer Venue (Dkt. No. 10) and Plaintiff's response thereto (Dkt. No. 11), it is hereby ORDERED that Defendant's Motion is GRANTED.[1]

BY THE COURT:

GAIL A. WEILHEIMER, J.

---

[1] Plaintiff, Bobby Girifalco, filed a Complaint with this Court, bringing a putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c). The Complaint named Rebuilt Brokerage, LLC as Defendant. In summary, Mr. Girifalco alleges he received multiple telemarking calls from Defendant to his phone number in Pennsylvania without his consent. *See, e.g.*, Complaint (Dkt. No. 1), ¶¶ 16–38. On August 12, 2026, Defendant moved to transfer this matter to the United States District Court for the Middle District of Tennessee, Nashville Division. For the following reasons, this Court grants Defendant's motion.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any other district or division to which all parties have consented." The United States Supreme Court explained that this statute vests district courts with "broad discretion" to adjudicate motions for transfer case-by-case, taking into account convenience and fairness. *Stewart Organization, Inc. v. Ricoh Corp*., 487 U.S. 22, 29 (1988). The Third Circuit Court of Appeals in *Jumara* instructs this Court to consider six private and six public factors when using its broad discretion to transfer venue. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878–80 (3d Cir. 1995). While the party seeking to transfer has the burden of demonstrating these elements, the moving party is "not required to show 'truly compelling circumstances for ... change ... [of venue, but rather that] all relevant things considered, the case would be better off transferred to another district." *Shelton v. Freedom Forever, LLC*, No. CV 24-4333, 2025 WL 693249, at *1 (E.D. Pa. Mar. 4, 2025) (Pappert, J.) (cleaned up) (citing *In re US*, 273 F.3d 380, 388 (3d Cir. 2001)).

The threshold question in evaluating transfer is whether the parties could have originally brought the suit in the transferee forum. *Weber v. Basic Comfort Inc.*, 155 F. Supp. 2d 283, 284 (E.D. Pa. 2001); 28 U.S.C. § 1391(b) (2)–(3). The parties agree that Mr. Girifalco could have filed this case in the United States District Court for the Middle District of Tennessee, Nashville Division. Defendant's Brief in Support of its Motion to Transfer (Dkt. No. 10-1) at 5; Plaintiff's Response to Defendant's Motion to Transfer (Dkt. No. 11) at 4.

Applying the private interest and public interest factors enumerated in *Jumara,* the Court must next consider whether a transfer would be in the interest of justice. The Court first considers the private interest factors: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent they would be unavailable in a particular forum; and (6) the location of evidence to the extent it cannot be produced in a particular forum. *Jumara*, 55 F.3d at 879.

The Court turns to the first factor. Ordinarily, the plaintiff's choice of forum is a "paramount consideration" when ruling on a motion to transfer and that choice should not be lightly disturbed. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). However, district court judges in this circuit have repeatedly acknowledged, "where there are hundreds of potential plaintiffs, ... the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened." *Shelton,* 2025 WL 693249, at *2 (*quoting Koster v. (American) Lumbermens Mut. Casualty Co.*, 330 U.S. 518, 524 (1947)); *see also Smith v. HireRight Sols., Inc.*, No. CIV.A. 09-6007, 2010 WL 2270541, at *3 (E.D. Pa. June 7, 2010). Here, Mr. Girifalco brings this claim on behalf of *three nationwide classes*. Thus, Mr. Girifalco's preference slightly weighs against transfer. Complaint at 7–8.

The second private factor—Defendant's choice of forum—slightly supports transfer. *See Smith*, 2010 WL 2270541, at *4.

The Court next considers where the claims arose. *See Jumara*, 55 F.3d at 879. For this factor, the "most appropriate venue is where a majority of events giving rise to the claim arose." *Abramson v. CWS Apartment Homes, LLC*, No. CV 16-426, 2016 WL 6634933, at *2 (W.D. Pa. Nov. 8, 2016) (*quoting In re Amkor Tech., Inc. Sec. Litig.*, No. 06-298, 2006 WL 3857488, at *5

(E.D. Pa. Dec. 28, 2006)). For TCPA claims, some district court judges in this circuit have held that the alleged injury occurs in the jurisdiction where the plaintiff receives the phone call. *See, e.g., Fitzhenry v. Guardian Prot. Servs*., No. 16-cv-1253, 2016 WL 6652760, at *1 (W.D. Pa. Nov. 9, 2016) (under the TCPA, venue is proper where the phone call is received). In the context of nationwide class actions, the alleged injury potentially occurred in multiple jurisdictions. *See Koster,* 330 U.S. at 524.

While Mr. Girifalco asserts that he received calls in Pennsylvania, he does not allege that a substantial portion of the nationwide classes also received calls in Pennsylvania. *See Shelton*, 2025 WL 693249, at *3. By contrast, Defendant's headquarters and its principal place of business are in Nashville, Tennessee. Defendant's Brief in Support of its Motion to Transfer at 2; Complaint, ¶ 5. Defendant has provided an affidavit that avers that the software program used when the calls were made, the persons who oversaw the calls, and the relevant policies were developed, maintained, and implemented in Nashville, Tennessee. Declaration of Albert Young (Dkt. No. 10-2) at ¶¶ 7, 9, 11–12. These facts are common to all class members. Because the claimed injuries are diffused across the country and all the purported violations of the TCPA stem from Nashville, Tennessee, this factor supports transfer.

This Court also finds that convenience of the parties and witnesses—the fourth and fifth factors—slightly favors transfer. *See Jumara*, 55 F.3d at 879. Mr. Girifalco brings this case on behalf of three nationwide classes and the roles of those purported class members in this case would be limited. *See Shelton,* 2025 WL 693249, at *2 (explaining that TCPA class actions are "normally attorney driven and require limited participation from the named plaintiff for their individual claims or as class representatives.") (*quoting Pierucci v. Homes.com Inc.*, No. 20-8048, 2020 WL 5439534, at *5 (D. Ariz. Sept. 10, 2020)).

By contrast, this Court anticipates that Defendant will spend considerable resources producing witnesses because all the witnesses and key employees are in Nashville, Tennessee. *See* Declaration of Albert Young at ¶¶ 6–9, 11–13. Specifically, Albert Young, Defendant's co-founder and Chief Executive Officer, avers that "most of the staff involved in creating, overseeing, and approving the outbound calls" work at Defendant's headquarters in Nashville, Tennessee. Declaration of Albert Young at ¶¶ 9, 11. Mr. Girifalco argues that he is an individual consumer of modest means. Plaintiff's Response to Defendant's Motion to Transfer at 8. Defendant has already offered to depose Mr. Girifalco in Pennsylvania, mitigating Mr. Girifalco's cost and inconvenience. Defendant's Brief in Support of its Motion to Transfer at 7. On balance, these factors support transfer.

The final private interest factor—the location of the evidence—is neutral. *See Jumara*, 55 F.3d at 879. Defendant has not provided any evidence as to why it cannot produce the physical and electronic documents managed in Nashville, Tennessee in this district.

This Court now turns to the public interest factors, which are as follows: (1) the enforceability of the judgment; (2) practical considerations that would make trial easy, expeditious, or inexpensive; (3) the congestion of the courts' dockets; (4) the local forum's interest in deciding the case; (5) public policy of the fora, and (6) the trial judge's familiarity with any state

law. *Jumara*, 55 F.3d at 879–80. Apart from the second factor, all of the public factors are neutral, and thus the Court will not provide an exhaustive analysis.

The Court finds that the second factor—considerations that would make trial easy, expeditious, or inexpensive—supports transfer. Roughly 800 miles separate the United States District Court for the Middle District of Tennessee, Nashville Division, and this Court; it would be easier for Defendant's employees and witnesses, who live in Nashville, to travel to that courthouse. To the extent that Defendant's witnesses become former employees, the United States District Court for the Middle District of Tennessee, Nashville Division can subject those witnesses to the compulsory process there. *See Shelton*, 2025 WL 693249, at *4. Further, this case is in the early stages, and transferring this case would not cause delay. *See Smith*, 2010 WL 2270541, at *9.

In light of the foregoing, this Court transfers this matter to the United States District Court for the Middle District of Tennessee, Nashville Division pursuant to 28 U.S.C. § 1404(a).